OPINION
Appellant Terry Neely appeals the decision of the Ashland County Court of Common Pleas that denied his request for intervention in lieu of conviction. The following facts give rise to this appeal.
On February 18, 2001, Trooper Keener, from the Ohio State Highway Patrol, stopped appellant and subsequently arrested him for driving under the influence of alcohol. During a search incident to arrest, Trooper Keener discovered a small bag containing cocaine in appellant's jacket pocket. On April 2, 2001, a bill of information was filed in the Ashland County Court of Common Pleas charging appellant with possession of cocaine.
On April 23, 2001, appellant filed a request for intervention in lieu of conviction. The trial court ordered a psychiatric evaluation in order to determine appellant's eligibility for intervention in lieu of treatment. The trial court conducted a hearing, on June 4, 2001, to consider appellant's request. The psychiatric report submitted to the trial court indicated appellant was in danger of becoming drug dependent and that he was an appropriate candidate for intervention in lieu of treatment. However, the trial court denied appellant's request.
Appellant filed a motion for reconsideration on July 6, 2001, which the trial court denied. Thereafter, appellant entered a plea of no contest. The trial court found appellant guilty as charged in the bill of information and sentenced him to fourteen days in jail and three years community control sanctions. The trial court also imposed a $1,000 fine and ordered appellant to reimburse the Ashland County Probation Department in the amount of $20 per month.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED THE REQUEST OF DEFENDANT-APPELLANT FOR INTERVENTION IN LIEU OF CONVICTION, PURSUANT TO R.C. 2951.04.1.
 I
Appellant maintains, in his sole assignment of error, the trial court erred when it denied his request for intervention in lieu of conviction. We disagree.
R.C. 2951.041 enables a drug offender to receive rehabilitative drug treatment in lieu of a conviction. Section (B)(1) contains the factors a trial court is to consider in determining whether a defendant is eligible for intervention in lieu of conviction. This statute provides, in pertinent part:
* * *
 (B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
 (1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor.
 (2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code, is not a violation of division (A)(1) of section 2903.08 of the Revised Code, is not a violation of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term, a mandatory term of local incarceration, or a mandatory term of imprisonment in a jail.
 (3) The offender is not charged with a violation of section 2925.02, 2925.03, 2925.04, 2925.06, or 2925.11
of the Revised Code that is a felony of the first, second, or third degree.
 (4) The offender is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the fourth degree, or the offender is charged with a violation of that section that is a felony of the fourth degree, and the prosecutor in the case has recommended that the offender be classified as being eligible for intervention in lieu of conviction under this section.
 (5) The offender has been assessed by an appropriately licensed provider, certified facility, or licensed and credentialed professional, including, but not limited to, a program licensed by the department of alcohol and drug addiction services * * *, a program certified by that department * * *, a public or private hospital, the United States department of veterans affairs, another appropriate agency of the government of the United States, or a licensed physician, psychiatrist, psychologist, independent social worker, professional counselor, or chemical dependency counselor for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.
 (6) The offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.
 (7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.
 (8) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section.
The granting of intervention in lieu of conviction is within the trial court's discretion. State v. Gadd (1990), 66 Ohio App.3d 278, 283. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. In denying appellant's request for reconsideration of its denial of intervention in lieu of conviction, the trial court noted that appellant denied, to a probation officer, that the cocaine found in his jacket pocket belonged to him and therefore, the trial court concluded appellant's drug usage was not a factor leading to the criminal offense and intervention would not substantially reduce the likelihood of future criminal activity in this particular case. Tr. July 6, 2001, at 6-7.
On appeal, appellant maintains the trial court improperly considered the statements he made to the probation officer in determining whether he is eligible for intervention in lieu of conviction. Specifically, appellant cites the court to four cases in support of this argument. In the Gadd case, supra, the court of appeals found that the trial court acted outside its legislative authority when it denied intervention in lieu of conviction on the basis that the probation department could achieve the same ends at a cheaper cost. Gadd at 284-285.
The second case appellant relies on is State v. Campbell (July 1, 1998), Muskingum App. No. CT97-0040, unreported, in which this court determined that the trial court erred when it considered a factor that was not to be considered under the statute and failed to consider other factors that were required to be considered. Id. at 2.
Appellant next refers to the case of State v. Smith (Aug. 13, 1998), Cuyahoga App. No. 73280, unreported, wherein the court of appeals reversed the trial court on the basis that it arbitrarily denied intervention in lieu of conviction even though the defendant met the criteria contained in the statute. Id. at 3.
The final case appellant refers to is State v. Fullenkamp (Oct. 26, 2001), Darke App. No. 2001 CA 1543, unreported, wherein the court of appeals reversed the trial court's decision to deny intervention in lieu of conviction on the basis that the trial court had engrafted a more stringent predicate condition than contained in the statute. Id. at 2.We find these cases distinguishable from the case sub judice as the above cases all present scenarios in which the trial court considered factors not contained in R.C. 2945.041. In the matter currently before the court, the trial court considered appellant's statement that the cocaine did not belong to him in the context of section (B)(6) of R.C. 2945.041. The trial court denied appellant's request for intervention on the basis that he did not believe appellant's drug usage was a factor leading to the criminal offense and that intervention would not substantially reduce the likelihood of any future criminal activity.
Clearly, the trial court's decision to deny appellant's request for intervention was based on its finding that appellant failed to meet the criteria of the statute, specifically, section (B)(6). The trial court did not abuse its discretion when it considered appellant's statement to the probation officer as it was considered in the context of the eight factors a trial court is required to consider in determining whether a defendant is eligible for intervention in lieu of conviction.
Accordingly, appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By: WISE, J. GWIN, J., concurs. HOFFMAN, P.J., concurs separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Costs to appellant.